UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTONIO ROLAND HARRISON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-091-JD-MGG |
| | ) | |
| BRUCE LEMMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Antonio Roland Harrison, a prisoner without a lawyer, has filed an amended complaint against Commissioner Bruce Lemmon and correctional staff at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

To start, Harrison alleges that, on August 13, 2016, an inmate from another cell house attacked him and that Sergeant Rice, Officer Morris, and Officer Seles failed to protect him by allowing the attacker to enter and exit the cell house. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from

violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Because the allegations do not suggest that the officers knew of a specific threat to his safety, Harrison does not state a failure to protect claim against Sergeant Rice, Officer Morris, and Officer Seles.

Harrison next alleges that Superintendent Neal, Todd Marsh, and Vickie Long, disregarded his safety by not responding to his grievances and letters after the attack. However, none of the grievances or letters attached to the complaint include any indication of a specific threat of violence to Harrison. Although some of the grievances relate to the attack, they merely seek discipline for the staff present during the attack and do not convey Harrison's concern for his safety. ECF 13 at 10, 13, 15-17. He also alleges that Superintendent Neal, Marsh, and Long as well as Pam James, an administrator, deprived him of procedural due process when they refused to respond appropriately to his grievances and letters. "An inmate has no Constitutional right to file grievances at the institution in which he is confined." *Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1101 (N.D. Ind. 2009); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Harrison thus does not state a claim against Superintendent Neal, Marsh, Long, or James.

2

Additionally, Harrison alleges that Officer Seles retaliated against him for filing a grievance by issuing a false disciplinary ticket against him, which was ultimately dismissed for lack of evidence and that Lieutenant Wilson retaliated against him in a similar manner because Harrison filed a lawsuit against other correctional staff. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). A plaintiff "must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988). Giving Harrison the inferences to which he is entitled at this stage, he states a claim of First Amendment retaliation against Officer Seles and Lieutenant Wilson.

Harrison also alleges that, shortly after the attack, Pam Bane retaliated against him for filing grievances by recommending that Harrison be moved to the cell house where his attacker was assigned when she knew that the attacker was designated as a security threat. He also alleges that he was able to stop the move by speaking to a lieutenant. ECF 13 at 30. To be actionable, retaliatory conduct must be sufficient to "deter a person of ordinary firmness from exercising First Amendment activity in the future." *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). Harrison does not explain how sharing a cell house with a known security threat is unusual for inmates in a maximum security prison. Moreover, all Harrison was required to do to stop the move was to speak to a lieutenant, and he did so. In sum, Bane's conduct as alleged would not deter a person of ordinary firmness from filing grievances or lawsuits, and this claim is dismissed.

Harrison further alleges that Sergeant Reed violated his procedural due process rights by issuing a false disciplinary ticket and by destroying the evidence prior to the disciplinary hearing. He also alleges that Lieutenant St. Martin, the hearing officer, deprived him of procedural due process by finding him guilty without allowing Harrison to speak at the hearing and without any evidence. However, this is not the proper proceeding to challenge the prison disciplinary finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). This rule also extends to claims challenging the loss of good time credits in prison disciplinary actions. *Id.* at 648. Here, Harrison admits that he was found guilty of an offense and has not alleged that the finding of guilt has since been invalidated. ECF 13 at 7; *see also Harrison v. Warden*, 3:17-cv-740 (N.D. Ind. filed Sept. 28, 2017). Because finding that he was deprived of procedural due process as alleged would inherently undermine the validity of his disciplinary hearing, he may not proceed with this claim against Sergeant Reed or Lieutenant St. Martin.

Harrison alleges that, after the disciplinary hearing, Major Nowatzke instructed Captain Bootz to put Harrison in segregation in a cell without a working light in the same hall as his attacker even though the disciplinary infraction did not require segregation as part of the sentence. He alleges that Major Nowatzke did this to retaliate against him for filing a lawsuit against correctional staff. Notably, *Heck* bars challenges to the fact or length of confinement, but it does not bar challenges to the conditions of confinement. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

Because Harrison states a claim against Major Nowatzke for retaliation, he may thus proceed on this claim. By contrast, Harrison does not allege nor is it plausible to infer that Captain Bootz had a retaliatory motive, and the retaliation claim against Captain Bootz is dismissed.

Harrison also alleges that that Major Nowatzke and Captain Bootz putting Harrison in segregation "seventeen cells down" from his attacker constituted deliberate indifference to his safety. ECF 13 at 7. These allegations do not suggest that Major Nowatzke or Captain Bootz were aware of the attack or that the circumstances presented a substantial risk of harm to Harrison, and this claim is dismissed.

Harrison alleges that Commissioner Lemmon is liable because he is the commissioner of the Department of Correction. However, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Harrison does not allege that Commissioner Lemmon was personally involved with respect to any claim. Therefore, the claim against Commissioner Lemmon is dismissed.

For these reasons, the court:

(1) **GRANTS** Antonio Roland Harrison leave to proceed on a claim against Officer Seles and Lieutenant K. Wilson for money damages for retaliating against Harrison by issuing false disciplinary tickets in violation of the First Amendment.

(2) **GRANTS** Antonio Roland Harrison leave to proceed on a claim against Major Nowatzke for money damages for retaliating against Harrison by placing him in segregation in violation of the First Amendment;

5

(3) **DISMISSES** Bruce Lemmon, Ron Neal, Pam Bane, Todd Marsh, Vickie Long, Sergeant Rice, Officer Morris, Sergeant Reed, Captain A. Bootz, Lieutenant K. St. Martin, and Pam James;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Officer Seles, Lieutenant K. Wilson, and Major Nowatzke at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Seles, Lieutenant K. Wilson, and Major Nowatzke respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Antonio Roland Harrison has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 12, 2018

　　　　　/s/ JON E. DEGUILIO\_\_\_\_\_
　　　　　Judge
　　　　　United States District Court